UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JERRY LITWIN, individually and on behalf of  :
all others similarly situated,  :
        :   No. 10 Civ. 9609 (JSR)
        Plaintiff,  :
        :
    v.  :
        :
CHASE BANK USA, N.A.,  :
        :
        Defendant.  :
------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS OF CHASE BANK USA, N.A.**


 

WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800 (t)
(212) 230-8888 (f)

*Counsel for Defendant Chase Bank
USA, N.A.*

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................1

    A.    The Truth In Lending Act And Regulation Z .............................................1

    B.    Plaintiff's Complaint....................................................................................4

ARGUMENT.........................................................................................................................5

I.    STANDARD FOR MOTION TO DISMISS ............................................................5

II.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE TRUTH IN LENDING ACT OR REGULATION Z............................................................6

    A.    Plaintiff's Allegations Regarding Chase's Grace Period Disclosures Fail To State A Claim ..................................................................................6

    B.    Plaintiff's Allegations Regarding "Interspersion" Fail To State A Claim ..........................................................................................................8

III.    PLAINTIFF FAILS TO STATE A CLAIM FOR ANY VALID FORM OF RELIEF..................................................................................................................9

CONCLUSION.....................................................................................................................11

## **TABLE OF AUTHORITIES**

### **CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937, 1949 (2009)..................................................................................................5

*Baker v. Sunny Chevrolet, Inc.*,
    349 F.3d 862, 869 (6th Cir. 2003) ........................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007).......................................................................................................6

*Brown v. Payday Check Advance, Inc.*,
    202 F.3d 987, 991 (7th Cir. 2000) ........................................................................................10

*Christ v. Beneficial Corp.*,
    547 F.3d 1292, 1298 (11th Cir. 2008) ..................................................................................10

*Demry v. Citibank (South Dakota), N.A.*,
    No. 01 Civ. 9959, 2003 WL 179772, at *3 (S.D.N.Y. Jan. 24, 2003),
    *aff'd*, 81 F. App'x 368 (2d Cir. Nov. 21, 2003).....................................................................8

*In re Ferrell*,
    539 F.3d 1186, 1191 (9th Cir. 2008) ....................................................................................10

*S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange Inc.*,
    24 F.3d 427, 431 (2d Cir. 1994)............................................................................................11

*Kelen v. World Fin. Network Nat'l Bank*,
    No. 10 Civ. 48, 2011 WL 445829, at *2-3 (S.D.N.Y. Jan. 11, 2011).............................10, 11

*Matusovsky v. Merrill Lynch*,
    186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002).............................................................................6

*Reeder v. HSBC USA, Inc.*,
    No. 09-cv-2043, 2009 WL 4788488, at *9 (N.D. Ill. Dec. 8, 2009)......................................11

*Roth v. Jennings*,
    489 F.3d 499, 509 (2d Cir. 2007).......................................................................................4 n.2

*Turk v. Chase Manhattan Bank USA, N.A.*,
    No. 00 Civ. 1573, 2001 WL 736814, at *2 (S.D.N.Y. June 11, 2001)..................................10

*Volovnik v. Benzel-Busch Motor Car Corp.*,
  No. 09 Civ. 10595, 2010 WL 3629819, at *9 (S.D.N.Y. July 29, 2010), *report
  and recommendation adopted*, 2010 WL 3629815 (S.D.N.Y. Sept. 16, 2010) ........ 10-11

*Warburton v. Foxtons, Inc.*,
  No. Civ. A. 04-2474, 2005 WL 1398512, at *9 (D.N.J. June 13, 2005) ........................ 10

*Williams v. Citibank, N.A.*,
  565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008) .................................................................. 6

### STATUTES

15 U.S.C. § 1601 ................................................................................................................. 1

15 U.S.C. § 1607 ................................................................................................................. 4

15 U.S.C. § 1632 ............................................................................................................ 3, 10

15 U.S.C. § 1637 ............................................................................................... 2, 3, 10 n.4

15 U.S.C. § 1640 ......................................................................................................... 3, 4, 10

15 U.S.C. § 1666b ............................................................................................................ 2, 3

### RULES AND REGULATIONS

12 C.F.R. pt. 226 ................................................................................................................. 1

12 C.F.R. § 226.5 ................................................................................ 3, 6, 7 & n.3, 8, 9, 10

12 C.F.R. § 226.7 ................................................................................................... 2, 6, 7, 10

12 C.F.R. pt. 226, Supp. I .............................................................................................. 3, 8

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 5

### OTHER AUTHORITIES

*Truth in Lending*, 74 Fed. Reg. 36,077, 36,080 (July 22, 2009) ........................................ 3

Webster's Third New International Dictionary 1183 (2002) .............................................. 9

## INTRODUCTION

Chase Bank USA, N.A. ("Chase") respectfully moves for dismissal of plaintiff Jerry Litwin's complaint. Plaintiff alleges two technical (purported) violations of the Truth in Lending Act related to disclosures contained in his Chase credit-card periodic statements. He contends that the statements (1) inaccurately described the grace period during which he could make payment on new purchases without incurring interest, and (2) interspersed required disclosures with promotional material. Plaintiff does not claim that he was injured and, accordingly, does not seek actual damages. He seeks a statutory-damages award.

The complaint fails to state a claim, for three reasons. *First*, the periodic statements (attached to plaintiff's complaint) show that Chase complied with the TILA disclosure requirement regarding grace periods by accurately disclosing the date by which plaintiff's payment was due. *Second*, the periodic statements also show that no required disclosures were interspersed with promotional material. *Third*, plaintiff has not stated a claim for any form of legally valid relief.

## BACKGROUND

### A.   The Truth In Lending Act And Regulation Z

The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, sets forth requirements respecting the timing, substance, and form of disclosures that creditors must provide to their obligors. The Federal Reserve Board has implemented the statute in a comprehensive regulation known as Regulation Z. *See* 12 C.F.R. pt. 226.[1]

---

[1]   All citations herein are to the statute and regulations in effect during December 2009 and January 2010, the time of the periodic statements at issue.

*Periodic statements.*  As relevant here, TILA and Regulation Z generally require credit-card issuers to send periodic statements to cardholders at the conclusion of each billing cycle.  *See* 15 U.S.C. § 1637(b); 12 C.F.R. § 226.7.  Those periodic statements are required to contain certain information, including the previous balance, the transactions during the cycle, any credits during the cycle, the periodic rates used to compute the finance charge, the balance on which the finance charge was computed, the amount of the finance charge, the annual percentage rate, other charges, and the closing date of the billing cycle.  *See* 12 C.F.R. § 226.7(a)-(k); *see also* 15 U.S.C. § 1637(b)(1)-(8).

*Grace period disclosure.*  Among the information required to be disclosed on the periodic statement is information related to any "grace period" (or "free-ride period") that the credit-card issuer may provide to the cardholder.  A grace period is a time during which the cardholder may repay a balance (or portion of a balance) without incurring a finance charge on it.  Regulation Z requires that the periodic statement disclose "[t]he date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges."  12 C.F.R. § 226.7(j); *see also* 15 U.S.C. § 1637(b)(9).

*Mailing of periodic statements.*  In May 2009, Congress amended TILA to add a substantive requirement regarding the mailing of periodic statements in relation to the date on which any grace period expires.  The new statutory provision prohibits a creditor from imposing any finance charge "unless a statement which includes the amount upon which the finance charge for the period is based was mailed or delivered to the consumer not later than 21 days before the date specified in the statement by which payment must be made in order to avoid imposition of that finance charge."  15 U.S.C. § 1666b(b).  In July 2009, the Board implemented this new statutory provision with the following rule:

> Creditors must adopt reasonable procedures designed to ensure that periodic statements are mailed or delivered at least 21 days prior to the payment due date and the date on which any grace period expires. A creditor that fails to meet this requirement shall not treat a payment as late for any purpose or collect any finance or other charge imposed as a result of such failure.

12 C.F.R. § 226.5(b)(2)(ii). The Board explained that it adopted its "reasonable procedures" rule, rather than an absolute time requirement, to facilitate compliance with 15 U.S.C. § 1666b, among other reasons. *See Truth in Lending*, 74 Fed. Reg. 36,077, 36,080 (July 22, 2009).

<u>*General disclosure requirements*</u>. TILA and Regulation Z also contain general disclosure requirements. For example, both TILA and Regulation Z state that any information required to be disclosed by the statute or regulation must be disclosed "clearly and conspicuously." 15 U.S.C. § 1632(a); 12 C.F.R. § 226.5(a)(1). In a comment to § 226.5(a)(1), the Board's Official Staff Commentary explains that creditors may make the periodic-statement disclosures on multiple pages, or on the front and back sides, "so long as the pages constitute an integrated document." 12 C.F.R. pt. 226, Supp. I, ¶ 5(a)(1)-2. The commentary further states that "[a]n integrated document would not include … disclosures interspersed on the same page with promotional material." *Id.* Regulation Z also requires that a creditor's disclosures "reflect the terms of the legal obligation between the parties." 12 C.F.R. § 226.5(c).

<u>*Civil liability.*</u> TILA provides a private right of action for actual and statutory damages. *See* 15 U.S.C. § 1640(a). As relevant to the subject matter here—periodic-statement disclosures for an open-end credit relationship—statutory damages are available only for violations of 15 U.S.C. § 1637(b)(4)-(10) or certain state laws deemed by the Board to be equivalent. *Id.* § 1640(a) (unnumbered paragraph). TILA contains no provision that authorizes an action for statutory damages for violations of either 15 U.S.C. § 1632 or TILA and Regulation Z's other general disclosure requirements. A private plaintiff may enforce those provisions through an

action for actual damages, if the cardholder was damaged. *Id.* § 1640(a)(1). TILA also authorizes various administrative agencies to enforce the statute's provisions. *Id.* § 1607(a).

### B. Plaintiff's Complaint

Plaintiff has a Chase credit-card account. *See* Compl. ¶ 10. Chase provides for a grace period during which plaintiff may avoid incurring interest charges on new purchases by paying for those purchases on or before the due date on the periodic statement on which they appear. *See id.* Ex. A.

Plaintiff's complaint concerns two Chase periodic statements—those for the billing cycles ending on December 28, 2009 (the "December statement") and January 28, 2010 (the "January statement"). *See id.* ¶¶ 31-32, Ex. A. Each periodic statement disclosed in boldface print the due date by which plaintiff was required to make payment on his new purchases in order to avoid an interest charge:

- On the December statement, the boldface words "**Payment Due Date**," accompanied by the boldface date "**01/22/10**," appeared in two locations—on the top and center of the front page of the periodic statement and on the upper left-hand corner of the pay slip designed to be sent with any payment.

- Likewise, on the January statement, the boldface words "**Payment Due Date**," accompanied by the boldface date "**02/22/10**," appeared in the same two locations.

*See id.* Ex. A.[2] A further explanation of the significance of the payment due date appeared on the reverse side of each periodic statement:

> *Grace Period (at least 20 days)*: We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not charge periodic finance charges on new purchases billed during a billing cycle if we receive both payment of your New Balance on your current statement by the date and time your payment is due and also payment of your New

---

[2] The Court may consider the documents referenced in and attached to the complaint. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

>> Balance on your previous statement by the date and time your payment was due.

*Id.*

Both the December and January statements disclosed information on Flexible Rewards points that plaintiff had earned on his account, including the prior points balance, the points earned during the period, and plaintiff's new total points balance. *See id.* Finally, the January statement included four lines of text at the bottom of the statement—set off by a boldface, boxed header—informing plaintiff that he could visit chase.com/taxes to try TurboTax Free Edition or to obtain a discount on TurboTax Online Federal Products. *See id.* All TILA disclosures appearing on the page were printed above this TurboTax information; no TILA disclosure appears below it.

Plaintiff's complaint challenges two elements of the December and January statements: (1) Chase's grace period disclosure, and (2) the clarity and conspicuousness of Chase's required TILA disclosures, given the inclusion of the Flexible Rewards point summary and the TurboTax information.

## ARGUMENT

### I. STANDARD FOR MOTION TO DISMISS

A complaint can avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The complaint must plead more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  If the complaint incorporates an extrinsic document by reference, and the "plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002); *accord Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008).

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE TRUTH IN LENDING ACT OR REGULATION Z

### A.   Plaintiff's Allegations Regarding Chase's Grace Period Disclosures Fail To State A Claim

As noted, TILA and Regulation Z impose both a timing requirement and a disclosure requirement related to grace periods that a creditor may provide in connection with a cardholder's repayment of balances.  Plaintiff does not allege that Chase violated either the timing or disclosure requirement.  The *timing requirement* is that Chase must "adopt reasonable procedures designed to ensure that periodic statements are mailed or delivered at least 21 days prior to the payment due date and the date on which any grace period expires."  12 C.F.R. § 226.5(b)(2)(ii).  Plaintiff does not allege that Chase violated that requirement.  Nor does he allege that Chase mailed his statements less than 21 days before the expiration of the grace period disclosed on each.  The *disclosure requirement* is that Chase must disclose on the periodic statement "[t]he date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges."  12 C.F.R. § 226.7(j).  Plaintiff does not allege that Chase violated that requirement.  Both statements clearly and

prominently disclosed the payment date required by § 226.7(j)—in boldface type and in two places, including the top and center of the periodic statement's front page.

Instead, plaintiff seeks to manufacture a technical violation by combining TILA's timing requirement regarding the mailing of periodic statements with Regulation Z's general requirement that disclosures reflect the "terms of the legal obligation between the parties" (12 C.F.R. § 226.5(c)). Relying on only the title for the paragraph explaining the particular terms of the Chase grace period—"Grace Period (at least 20 days)"—plaintiff asserts that Chase "disclosed a term that fell short of the federally mandated minimum grace period." Compl. ¶ 33.

The problem with plaintiff's theory, however, is that he ignores Chase's utterly accurate disclosure of his grace period in precisely the manner that Regulation Z specifies. Chase informed plaintiff of the exact date by which his payment must be made to avoid a finance charge—*i.e.*, the final day of his grace period. *See* 12 C.F.R. § 226.7(j). Plaintiff does not allege that those days (January 22, 2010 and February 22, 2010) were less than 21 days from the dates that Chase mailed the respective periodic statements. That is, plaintiff does not allege that when Chase specifically disclosed the end dates for his two grace periods, Chase disclosed periods that were in fact shorter than 21 days. Nor, finally, does plaintiff allege that Chase anywhere indicated that payment was due any earlier than the January 22 and February 22 dates.[3]

Chase also informed plaintiff of the bank's grace-period "legal obligation" (12 C.F.R. § 226.5(c)). Chase explained that it would not charge plaintiff a finance charge on new purchases during the billing cycle if he repaid the new balance by the date and time his payment

---

[3] Indeed, even had plaintiff alleged that Chase mailed his periodic statements less than 21 days before the due dates specified in those statements—he does not—that still would not state a claim. Regulation Z does not require that statements actually be mailed in each instance 21 days before the expiration of a grace period. Section 226.5(b)(2)(ii) requires the adoption of reasonable procedures designed to ensure the mailing of periodic statements 21 days in advance.

was due (January 22, 2010, or February 22, 2010). Section 226.5(b)(2)(ii) of Regulation Z requires a creditor to refrain from imposing a finance charge *if* the creditor fails to adopt reasonable procedures designed to ensure the mailing of a statement 21 days in advance of the expiration of the grace period. Plaintiff does not allege that Chase violated that obligation. That is, he does not assert that Chase wrongfully charged him a finance charge.

There is accordingly no basis for plaintiff's assertion that Chase failed to accurately disclose the legal terms of its grace-period obligations. *Cf. Demry v. Citibank (South Dakota), N.A.*, No. 01 Civ. 9959, 2003 WL 179772, at *3 (S.D.N.Y. Jan. 24, 2003) (granting summary judgment on plaintiff's "bare-bones contention that [defendant] failed to clearly and conspicuously disclose the legal obligations of the parties, as required by 12 C.F.R. §§ 226.5(a)(1) and 226.5(c)," where periodic billing statement "clearly instruct[ed] the cardholder" and "defendant's language . . . [wa]s fair"), *aff'd*, 81 F. App'x 368 (2d Cir. Nov. 21, 2003).

### B.     Plaintiff's Allegations Regarding "Interspersion" Fail To State A Claim

Plaintiff wrongly asserts that Chase "interspersed" the required TILA and Regulation Z periodic-statement disclosures with two types of alleged promotional material on his periodic statements. The first material—information about plaintiff's Flexible Rewards points balance under his credit card's Flexible Rewards program—is not promotional material at all. It is information concerning a benefit or service accruing to plaintiff under his credit-card account. *See, e.g.*, 12 C.F.R. pt. 226, Supp. I, ¶ 5(a)(1)-2 (noting that an "integrated document" includes "[a] brochure that contains disclosures and explanatory material about a range of services the creditor offers"). As of the January statement, plaintiff possessed enough points to receive a $100 statement credit on his account. *See* Compl. Ex. A. Indeed, Chase would have been remiss had it not informed plaintiff of this fact. There is no authority for plaintiff's apparent theory that

creditors violate the § 226.5(a)(1) "clear and conspicuous" requirement of Regulation Z by disclosing information about the cardholder's own account-related services on the periodic statement. Nor does plaintiff assert that the disclosure of his Flexible Rewards Summary somehow rendered the required TILA periodic-statement disclosures unclear or inconspicuous.

The second material on which plaintiff focuses is the four-line description of free or discounted TurboTax services at the bottom of his January statement. Even assuming that the TurboTax material could be characterized as promotional, the periodic statement did not "intersperse" the required TILA periodic-statement disclosures (*e.g.*, previous balance, finance charge, etc.) "on the same page" with that TurboTax material. The ordinary meaning of "intersperse" is "to scatter or set here and there among things" or "insert at intervals." Webster's Third New International Dictionary 1183 (2002). The TILA disclosures were not "scattered among" or "inserted at intervals" within the allegedly promotional TurboTax information on the front page of the periodic statement. To the contrary, all of the TILA disclosures were placed above the TurboTax information. The latter was set off, at the bottom of the page, by a text box comprised of bold dividing lines. The TILA disclosures were not in any sense interspersed among that information.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR ANY VALID FORM OF RELIEF

Finally, apart from plaintiff's failure to state a claim for a violation of TILA or Regulation Z, his complaint should be dismissed for the additional reason that it fails to state a claim for any legally valid form of relief.

As noted, plaintiff does not claim he was injured by the alleged violations, and he does not seek any actual damages. However, he asserts that Chase is required by TILA to pay him statutory damages. *See* Compl., at 9. This is plainly wrong. TILA provides for statutory

damages only for the violation of certain provisions. *See* 15 U.S.C. § 1640(a) (unnumbered paragraph). But plaintiff does not allege a violation of any of those enumerated provisions.[4] Nor does plaintiff allege any violation of the regulations that implement those enumerated statutory provisions (*e.g.*, 12 C.F.R. § 226.7). Instead, plaintiff alleges a violation of the general disclosure requirements in 12 C.F.R. §§ 226.5(a)(1) and (c). But those regulatory provisions are not among the requirements whose violation may serve as a basis for statutory damages under § 1640. Nor is 15 U.S.C. § 1632(a), the TILA provision under which 12 C.F.R. § 226.5(a)(1) arises. The law is clear on this point. Indeed, citing extensive authority, Judge Hellerstein ruled on just this issue in another case involving plaintiff's counsel approximately one month before they served the instant complaint on Chase. *See Kelen v. World Fin. Network Nat'l Bank*, No. 10 Civ. 48, 2011 WL 445829, at *2 (S.D.N.Y. Jan. 11, 2011); *see also In re Ferrell*, 539 F.3d 1186, 1191 (9th Cir. 2008); *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862, 869 (6th Cir. 2003); *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991 (7th Cir. 2000); *Warburton v. Foxtons, Inc.*, No. Civ. A. 04-2474, 2005 WL 1398512, at *9 (D.N.J. June 13, 2005); *Turk v. Chase Manhattan Bank USA, N.A.*, No. 00 Civ. 1573, 2001 WL 736814, at *2 (S.D.N.Y. June 11, 2001). Because plaintiff has not alleged a violation of any of the provisions whose violation may trigger statutory damages, no such damages are available.

Plaintiff also seeks declaratory and injunctive relief, but neither form of relief is available here. As several courts, including this one, have held, injunctive relief is not available under TILA. *See Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008) (explaining that "we do not read TILA to confer upon private litigants an implied right to an injunction"); *Volovnik v.*

---

[4] The complaint *implies* that it alleges a violation of § 1637(a) (*see* Compl. ¶ 36), but that subsection concerns a creditor's initial disclosures, not periodic-statement disclosures, and has no relevance to this case.

*Benzel-Busch Motor Car Corp.*, No 09 Civ. 10595, 2010 WL 3629819, at *9 (S.D.N.Y. July 29, 2010) (observing that "[w]hile the Second Circuit has not addressed whether the remedies prescribed by TILA are exclusive, the trend among other courts is to consider them so"), *report and recommendation adopted*, 2010 WL 3629815 (S.D.N.Y. Sept. 16, 2010); *Reeder v. HSBC USA, Inc.*, No. 09-cv-2043, 2009 WL 4788488, at *9 (N.D. Ill. Dec. 8, 2009) (explaining that injunctive relief "is not available to private litigants under TILA").  Moreover, even if injunctive relief were available, plaintiff does not plead any harm whatsoever, and therefore fails to allege the requisite irreparable harm to obtain permanent injunctive relief.  *See Kelen*, 2011 WL 445829, at *3 (dismissing complaint for injunctive relief because plaintiff had not "allege[d] that she would suffer any injury whatsoever, let alone an irreparable harm").

That leaves plaintiff's request for declaratory relief, which, standing alone, would be insufficient to confer subject matter jurisdiction on this Court.  *See S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange Inc.*, 24 F.3d 427, 431 (2d Cir. 1994) (noting that "a mere demand for declaratory relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction").

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

Dated:  February 18, 2011.

>   */s/ Noah A. Levine*
>   Noah A. Levine
>   WILMER CUTLER PICKERING HALE AND DORR LLP
>   399 Park Avenue
>   New York, NY 10022
>   (212) 230-8800 (t)
>   (212) 230-8888 (f)
>
>   *Counsel for Defendant Chase Bank USA, N.A.*

- 11 -