UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 10 2011
U.S.D.C. S.D. N.Y.
CASHIERS

```
------------------------------------------x
JERRY LITWIN,                            )
individually and on behalf of            )
all others similarly situated,           )
                                         )
                    Plaintiff,           )
                                         )
        - against -                      )
                                         )
CHASE BANK USA, N.A.                     )
                                         )
                                         )
                    Defendant.           )
------------------------------------------x
```

No. /0-cv-9609

CLASS ACTION

JURY DEMANDED

## FIRST AMENDED COMPLAINT

1.     This action seeks redress for the illegal practices of Defendant Chase

Bank USA, N.A. (the "Issuer" or "Chase"), including providing incomplete or

improper disclosures to its customers in violation of the Truth in Lending Act

("TILA").

2.     TILA's purpose is to assure meaningful disclosure of credit terms in

order to (i) allow consumers to compare more readily the various credit terms

available; (ii) enable consumers to avoid the uninformed use of credit; and (iii)

protect consumers against inaccurate and unfair billing practices.  15 U.S.C. §

1601(a).  As alleged in greater detail below, the Issuer failed to make certain

1

disclosures on statements it provided to customers.  The Issuer's conduct violates the express provisions of the TILA and the applicable Regulations.

3.      Under the private enforcement provisions of TILA, plaintiff and the Class seek the recovery of statutory damages of up to $500,000 with respect to each of the Issuer's failures to comply.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (2009).

5.      Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Venue is also proper in this district because the Issuer transacts business in this district and the interests of justice require maintenance of this action in this district.

## PARTIES

6.      Plaintiff Jerry Litwin resides in New York, New York, which is within this district.

7.      Litwin is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Issuer's offer and extension of credit to Litwin, a credit card holder, for personal, family or household purposes.

8.      Upon information and belief, the Issuer is a corporation doing business in the State of New York and throughout the United States, with a principal place of business in New York.

9.      The Issuer is a "creditor," as that term is defined by § 1602(f) of TILA and Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17), because at all relevant times, the Issuer, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than 4 installments.

## FACTUAL ALLEGATIONS

10.     Litwin is the holder of a credit account issued by Chase.

11.     Litwin received periodic statements for this account in or about the first two months of 2010, photocopies of which are attached as Exhibits A and B.

12.     All class members herein, as defined below, hold or held an Chase account originally or presently issued by the Issuer.

## CLASS ALLEGATIONS

13.     Litwin brings this action individually and on behalf of all persons similarly situated.

14.     The proposed class consists of all persons who, according to the Issuer's records, opened Chase Visa or MasterCard accounts and were provided with periodic billing statements or other disclosures subsequent to account opening  on or

after December 28, 2009 that, as described below, did not conform to TILA requirements.

15.     Specifically excluded from this class are the Issuer, any entity in which the Issuer has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

16.     The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable.  In light of the thousands of credit cards issued by the Issuer every year, the number of class members is believed to exceed 5,000 persons.

17.     Litwin's claims are typical of, if not identical to, all members of the class and Litwin does not have any interest that is adverse or antagonistic to the interests of the class.  If the conduct of the Issuer violates TILA as applied to Litwin, then it violates TILA with respect to the entire class.

18.     Litwin will fairly and adequately protect the interests of the class as he is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

19.     The class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

20.     The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein.  Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered.  Members of the class do not have a particular interest in individually controlling the prosecution of separate actions.

21.     There are questions of law and fact which are common to the members of the class and which predominate over questions affecting only individual members.  Common questions of law and fact include, but are not limited to, whether the Issuer has a standardized procedure by which it fails to clearly and conspicuously disclose their customers' billing rights as required by TILA and Regulation Z.

22.     Upon information and belief, the Class consists of thousands of customers.

23.     Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a) Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

   b) The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a

cost-effective basis, especially when compared with repetitive individual litigation.

24.     Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendants.

25.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  The records of the individuals encompassed within the Class are in Defendant's possession.

## COUNT I

### Violations of the Truth in Lending Act

26.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

27.     Congress authorized the Federal Reserve Board ("FRB") to promulgate regulations granting it broad authority to effectuate the purposes of TILA. 15 U.S.C. § 1604(a).

28.     The set of regulations that the FRB has promulgated to implement

TILA is known as Regulation Z.  12 C.F.R. §226.1 *et seq.*

29.     TILA requires issuers of open-end credit accounts that offer credit

customers a "grace period" for purchases – *i.e.*, a period after the close of the billing

cycle during which no interest will be charged on the purchases balance if the

customer pays in full, by the end of such period, that purchases balance – to provide

those customers with a period of at least 21 days after the close of the billing cycle

and the furnishing of the billing statement within which they can so avoid paying

interest.  15 U.S.C. § 1666b(b).

30.     The FRB requires all disclosures made by a credit issuer to its

customers – including the account-opening disclosures, the periodic statement

disclosures, and any other disclosures subsequent to account-opening ("subsequent

disclosures") – to reflect the legal obligation of the parties. 12 C.F.R. § 226.5(c).

31.     However, Issuer sent Litwin a periodic billing statement with a closing

date of December 28, 2009 (the "December Statement"), within several days after

that closing date, which included a descriptive section entitled "Grace Period (at

least 20 days)" (hereafter the "Grace Period Disclosure"), thus making a

"subsequent disclosure" that Litwin's grace period could be as short as 20 days after

the close of his billing cycle. Exhibit A.

32.     Issuer also sent Litwin a periodic billing statement with a closing date

of January 28, 2010 (the "January Statement"), within several days after that

closing date, which included the same Grace Period Disclosure, again making a

subsequent disclosure that Litwin's grace period could be as short as 20 days after the close of his billing cycle. Exhibit B.

33.     Because Issuer's Grace Period Disclosure disclosed a term that fell short of the federally mandated minimum grace period, Issuer's Grace Period Disclosure did not reflect the legal obligations of the parties, and thus violated Regulation Z and TILA.

34.     Further, Chase's December Statement and January Statement included promotional material regarding its "Flexible Rewards" program interspersed on the same page with mandatory disclosures, in violation of the requirement to make mandatory disclosures "clearly and conspicuously," 12 C.F.R. § 226.5(a), on an "integrated document." 12 C.F.R. § 226 Supp. I, Comment 5(a)(1)-4.

35.     Chase's January Statement additionally included promotional material for "Turbo Tax" products interspersed with mandatory disclosures, further running afoul of Regulation Z's requirements for making mandatory disclosures clearly and conspicuously.

36.     TILA provides for a creditor's civil liability for the violation of specific provisions of the statute, including "failing to comply with the requirements of . . . section 1637(a) of this title."  15 U.S.C. §1640(a).

37.  Further, Defendant made another disclosure subsequent to the account opening, on the back of the periodic statements Defendant furnished the Plaintiff under the subheading "Crediting of Payments," that read as follows:

> If your payment is in accordance with our payment
> instructions and is made available to us on any day except

December 25 by 1:00 p.m. local time at our Payments address on this statement, we will credit the payment to your account as of that day. If your payment is in accordance with our payment instructions, but is made available to us after 1:00 p.m. local time at our Payments address on this statement, we will credit it to your account as of the next day.

38.     The front side of the January Statement Defendant furnished Plaintiff disclosed a "Payment Due Date" of February 22.

39.     Under the TILA, 15 U.S.C. §1666c, as amended in 2009, Defendant was legally obligated to credit any conforming mailed payments received on February 22, 2010 or thereafter on the same day if such payment was received as late as 5:00 p.m.

40.     Similarly, the regulation implementing that statute governing the crediting of payments requires a creditor setting payment requirements to make its terms "reasonable" and specifies that a cut-off time for mailed payments before 5:00 p.m. is not "reasonable." 12 C.F.R. § 226.10.

41.     As such, Defendant's disclosure under the subheading "Crediting of Payments" in the January Statement did not properly disclose the grace period, in violation of 12 C.F.R. §226.7(b)(8), and did not reflect the legal obligations of the parties, in violation of 12 C.F.R. §226.5(c).

42.     In accordance with TILA's civil liability provision, Plaintiff and the Class are entitled to recover up to $500,000 in statutory damages, together with costs and reasonable attorney fees, for each of the Issuer's violations of TILA, as alleged above.

WHEREFORE, Plaintiff Jerry Litwin prays on his behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1)   An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2)   A declaration that the Issuer's systematic and standard policy of failing to accurately disclose to its customers the terms of their accounts violates the Truth in Lending Act;

(3)   An injunction permanently prohibiting the Issuer from engaging in the conduct described;

(4)   Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)   Attorney fees, litigation expenses, and costs; and

(6)   Such other and further relief as to this Court may seem just and proper.

## Jury Demand

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
       March 10, 2011

Respectfully Submitted,

By: _____
     Brian L. Bromberg

<u>Attorneys for Plaintiff</u>

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York, NY 10025
(212) 678-6546

# Exhibit A

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment |
|---|---|---|---|
| 01/22/10 | $9,596.73 | $0.00 | $191.00 |

**Account number:** ▮▮▮▮▮▮▮▮▮

$ ▮▮▮▮▮▮▮ .

**Make your check payable to:**
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail?  Print on back.

06380 BEX 9 36209 D
JERRY LITWIN
NEW YORK NY ▮▮▮▮▮

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE  19886-5153



Statement Date:
11/29/09 - 12/28/09

Manage your account online:
www.chase.com/creditcards

Minimum Payment:    $191.00
Payment Due Date:    01/22/10

Additional contact information
conveniently located on reverse side

## ACCOUNT SUMMARY

| | | Account Number: ▮▮▮▮▮▮ | |
|---|---|---|---|
| Previous Balance | $2,583.85 | Total Credit Line | $9,400 |
| Payment, Credits | -$2,583.85 | Available Credit | $0 |
| Purchases, Cash, Debits | +$9,318.86 | Cash Access Line | $1,880 |
| Finance Charges | +$277.87 | Available for Cash | $0 |
| New Balance | $9,596.73 | | |

## FLEXIBLE REWARDS SUMMARY

| | |
|---|---|
| Previous Points Balance | 10,488 |
| Points Earned on Purchases This Period | 280 |
| Points Earned Through Chase Rewards Plus | 0 |
| New Total Points Balance | 10,768 |

645 Points to expire on statement on or after JULY, 2014

Thank you for using the credit card that earns rewards that can be used for travel, gift cards, cash, or merchandise.  Remember, you can use 10,000 points for a choice of $100 in gift cards, check, or statement credit.  Simply go online to chase.com/rewards today!

Your Chase Flexible Rewards credit card earns 1 point for every $1 you spend on purchases.  Earn up to an additional 10 points while shopping online through www.chase.com/rewardsplus.  Add authorized users, and sign up to have your monthly bills charged to your card, too.  Why not get rewards for all those purchases too?  It's that simple.  Simply go chase.com/rewards to choose your reward today!  Redeem your points anytime, or just check out new offers at www.chase.com/rewards.

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 12/03 | Payment - Thank You | -2,583.85 |
| 12/02 | FANSEDGE.COM 650-6222200 FL | 91.97 |
| 12/02 | BESTBUYCOM   88994009 RICHFIELD MN | 163.30 |
| 12/04 | 87394 CHECK TO ADL REALTY | 9,000.00 |
| 12/08 | TRANSACTION FEE | 270.00 |
| 12/08 | OVERLIMIT FEE | 39.00 |
| 12/07 | CAFE VIVA NEW YORK NY | 8.42 |
| 12/13 | WEST SIDE JUDAICA NEW YORK NY | 16.17 |

## FINANCE CHARGES

| Category | Daily Periodic Rate 30 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee / Service Charge | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | V .07463% | 27.24% | $351.65 | $7.87 | $0.00 | $0.00 | $7.87 |
| Cash advances | V .07463% | 27.24% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Convenience check | V .07463% | 27.24% | $0.00 | $0.00 | $270.00 | $0.00 | $270.00 |
| Promotional summary | .00000% | 0.00% | $7,500.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total finance charges | | | | | | | $277.87 |

**Effective Annual Percentage Rate (APR):    35.65%**

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

Address Change Request

Please provide information below only if the address information on front is incorrect.

Street Address: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

City: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

State: ＿＿

Zip: ＿＿＿＿＿ ＿＿＿＿

Home Phone: ＿＿＿ ＿＿＿ ＿＿＿＿

Work Phone: ＿＿＿ ＿＿＿ ＿＿＿＿

E-mail Address: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ ＿＿＿＿＿＿＿＿＿＿＿＿



## To contact us regarding your account:

 **By Telephone:**
In U.S.              1-800-945-2000
Español              1-888-446-3308
TDD                  1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                     1-302-594-8200

 **Send Inquiries to:**
P.O. Box 15298
Wilmington, DE 19850-5298

 **Mail Payments to:**
P.O. Box 15153
Wilmington, DE 19886-5153

 **Visit Our Website:**
www.chase.com/creditcards

**Information About Your Account**

**Crediting of Payments:** For payments by regular U.S. mail, send at least your minimum payment due to our Payments address shown on this statement. Your payments by mail must comply with the instructions on this statement, and must be made by check or money order, payable in U.S. Dollars, and drawn on or payable through a U.S. financial institution or the U.S. branch of a foreign financial institution. Do not send cash. Write your account number on your check or money order. Payments must be accompanied by the payment coupon in the envelope provided with our address visible through the envelope window; the envelope cannot contain more than one payment or coupon; and there can be no staples, paper clips, tape or correspondence included with your payment. If your payment is in accordance with our payment instructions and is made available to us on any day except December 25 by 1:00 p.m. local time at our Payments address on this statement, we will credit the payment to your account as of that day. If your payment is in accordance with our payment instructions, but is made available to us after 1:00 p.m. local time at our Payments address on this statement, we will credit it to your account as of the next day. If you do not follow our payment instructions or if your payment is not sent by regular U.S. mail to our Payments address, crediting of your payment may be delayed for up to 5 days. Payments made electronically through our automated telephone service, Customer Service advisors, or our web site will be subject to any processing times disclosed for those payments.

**Account Information Reported to Credit Bureaus:** We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. If you think we have reported inaccurate information to a credit bureau, you may write to us at the Inquiries address shown on this statement.

**Notice About Electronic Check Conversion:** When you pay by check, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. Call the Customer Service number on this statement if you have questions about electronic check collection or do not want your payments collected electronically.

**Conditional Payments:** Any payment check or other form of payment that you send us for less than the full balance due that is marked "paid in full" or contains a similar notation, or that you otherwise tender in full satisfaction of a disputed amount, must be sent to Card Services, P.O. Box 15049, Wilmington, DE 19850-5049. We reserve all our rights regarding these payments (e.g., if it is determined there is no valid dispute or if any such check is received at any other address, we may accept the check and you will still owe any remaining balance). We may refuse to accept any such payment by returning it to you, not cashing it or destroying it. All other payments that you make should be sent to the regular Payments address shown on this statement.

**Annual Renewal Notice:** If your account has an annual fee, it will be billed each year or in monthly installments, whether or not you use your account, and you agree to pay it when billed. The annual fee is non-refundable unless you notify us that you wish to close your account within 30 days of the date we mail your statement on which the annual fee is charged and at the same time, you pay your outstanding balance in full. Your payment of the annual fee does not affect our rights to close your account and to limit your right to make transactions on your account. If your account is closed by you or us, we will continue to charge the annual fee until you pay your outstanding balance in full and terminate your account relationship.

**Explanation of Finance Charges:** We calculate periodic finance charges, using the applicable periodic rates shown on this statement, separately for each feature (e.g.,balance transfer/convenience checks and cash advance checks ("check transaction"), purchases, balance transfers, cash advances, promotional balances or overdraft advances). These calculations may combine different categories with the same daily periodic rates. If there is a "V" next to a periodic rate on this statement, that rate may vary, and the index and margin used to determine that rate and its corresponding APR are described in your Cardmember Agreement, as amended. There is a minimum finance charge in any billing cycle in which you owe any periodic finance charges, and a transaction finance charge for each balance transfer, cash advance, or check transaction, in the amounts stated in your Cardmember Agreement, as amended.

To get the daily balance for each day of the current billing cycle, we take the beginning balance for each feature, add any new transactions or other debits (including fees, unpaid finance charges and other charges), subtract any payments or credits, and make other adjustments. Transactions are added as of the transaction date, the beginning of the billing cycle in which they are posted to your account, or a later date of our choice (except that check transactions are added as of the date deposited by the payee or a later date of our choice). Fees are added either on the date of a related transaction, the date they are posted to your account, or the last day of the billing cycle. This gives us that day's daily balance. A credit balance is treated as a balance of zero. If a daily periodic rate applies to any feature, we multiply the daily balance by the daily periodic rate to get your periodic finance charges for that day. We then add these periodic finance charges to your daily balance to get the beginning balance for the next day. (If more than one daily periodic rate could apply based on the average daily balance, we will use the daily periodic rate that applies for the average daily balance amount at the end of the billing cycle to calculate the daily periodic finance charge each day.)

To get your total periodic finance charge for a billing cycle when a daily periodic rate(s) applies, we add all of the daily periodic finance charges for all features. To determine an average daily balance, we add your daily balances and divide by the number of the days in the applicable billing cycle(s). If you multiply the average daily balance for each feature by the applicable daily periodic rate, and then multiply each of these results by the number of days in the applicable billing cycle(s), and then add all of the results together, the total will also equal the periodic finance charges for the billing cycle, except for minor variations due to rounding. To get your total periodic finance charge for a billing cycle when a monthly periodic rate(s) applies, multiply the average daily balance for each feature by the applicable monthly periodic rate and add the results together. The total will equal the periodic finance charges for the billing cycle, except for minor variations due to rounding.

**Grace Period (at least 20 days):** We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not charge periodic finance charges on new purchases billed during a billing cycle if we receive both payment of your New Balance on your current statement by the date and time your payment is due and also payment of your New Balance on your previous statement by the date and time your payment was due. There is no grace period for balance transfers, cash advances, check transactions, or overdraft advances.

**BILLING RIGHTS SUMMARY**

**In Case of Errors or Questions About Your Bill:** If you think your bill is wrong, or if you need more information about a transaction on your bill, write Customer Service on a separate sheet at P.O. Box 15299 Wilmington, DE 19850-5299 as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information.
• Your name and account number
• The dollar amount of the suspected error
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take action to collect the amount you question. If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter or call (using the Inquiries address or Customer Service telephone number shown on this statement) must reach us at least three business days before the automatic payment is scheduled to occur.

**Special Rule for Credit Card Purchases:** If you have a problem with the quality of goods or services that you purchased with a credit card (excluding purchases made with a check), and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

MA111408

# Exhibit B

| Payment Due Date | New Balance | Past Due Amount | Minimum Payment |
|---|---|---|---|
| **02/22/10** | $9,669.58 | $0.00 | **$193.00** |

**Account number:** ▮▮▮▮▮▮▮▮▮▮

$ [                    .          ]

**Make your check payable to:**
**Chase Card Services.**
Please write amount enclosed.
New address or e-mail?  Print on back.

06040 BEX 9 02810 D
JERRY LITWIN
NEW YORK NY ▮▮▮▮▮▮

CARDMEMBER SERVICE
PO BOX 15153
WILMINGTON DE  19886-5153



Statement Date:
12/29/09 - 01/28/10

Manage your account online:
www.chase.com/creditcards

Minimum Payment:       **$193.00**
Payment Due Date:      **02/22/10**

Additional contact information
conveniently located on reverse side

## ACCOUNT SUMMARY                Account Number: ▮▮▮▮▮▮▮▮

| | | | |
|---|---|---|---|
| Previous Balance | $9,596.73 | Total Credit Line | $9,400 |
| Payment, Credits | -$596.73 | Available Credit | $0 |
| Purchases, Cash, Debits | +$648.94 | Cash Access Line | $1,880 |
| Finance Charges | +$20.64 | Available for Cash | $0 |
| New Balance | $9,669.58 | | |

## FLEXIBLE REWARDS SUMMARY

| | |
|---|---|
| Previous Points Balance | 10,768 |
| Points Earned on Purchases This Period | 610 |
| Points Earned Through Chase Rewards Plus | 0 |
| New Total Points Balance | 11,378 |

645 Points to expire on statement on or after JULY, 2014

Thank you for using the credit card that earns rewards that can be used for travel, gift cards, cash, or merchandise.  Remember, you can use 10,000 points for a choice of $100 in gift cards, check, or statement credit.  Simply go online to chase.com/rewards today!

Your Chase Flexible Rewards credit card earns 1 point for every $1 you spend on purchases.  Earn up to an additional 10 points while shopping online through www.chase.com/rewardsplus.  Add authorized users, and sign up to have your monthly bills charged to your card, too.  Why not get rewards for all those purchases too?  It's that simple.  Simply go chase.com/rewards to choose your reward today!  Redeem your points anytime, or just check out new offers at www.chase.com/rewards.

## ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| 01/04 | Payment - Thank You | -596.73 |
| 12/30 | WWW.NEWEGG.COM 800-390-1119 CA | 541.43 |
| 12/29 | OVERLIMIT FEE | 39.00 |
| 01/07 | SHIEL MEDICAL LABORATO BROOKLYN NY | 14.11 |
| 01/21 | AMTRAK .COM0211048492881 08008727245 DC | 54.40 |

012110 1  S          ADV       PMT

## FINANCE CHARGES

| Category | Daily Periodic Rate 31 days in cycle | Corresp. APR | Average Daily Balance | Finance Charge Due To Periodic Rate | Transaction Fee / Service Charge | Accumulated Fin Charge | FINANCE CHARGES |
|---|---|---|---|---|---|---|---|
| Purchases | V .07463% | 27.24% | $891.96 | $20.64 | $0.00 | $0.00 | $20.64 |
| Cash advances | V .07463% | 27.24% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Convenience check | V .07463% | 27.24% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Promotional summary | .00000% | 0.00% | $8,767.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total finance charges | | | | | | | $20.64 |

**Effective Annual Percentage Rate (APR):      27.24%**

Please see Information About Your Account section for balance computation method, grace period, and other important information.

The Corresponding APR is the rate of interest you pay when you carry a balance on any transaction category.
The Effective APR represents your total finance charges - including transaction fees
such as cash advance and balance transfer fees - expressed as a percentage.

## IMPORTANT NEWS

Try TurboTax Free Edition for your simple return
or Get a 35 percent Discount on
TurboTax Online Federal Products.
visit chase.com/taxes

Address Change Request

Please provide information below only if the address information on front is incorrect.

Street Address: ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯

City: ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯

State: ⎯ ⎯

Zip: ⎯ ⎯ ⎯ ⎯ ⎯   ⎯ ⎯ ⎯ ⎯

Home Phone: ⎯ ⎯ ⎯   ⎯ ⎯ ⎯   ⎯ ⎯ ⎯ ⎯

Work Phone: ⎯ ⎯ ⎯   ⎯ ⎯ ⎯   ⎯ ⎯ ⎯ ⎯

E-mail Address: ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯ ⎯



## To contact us regarding your account:

 **By Telephone:**
In U.S.              1-800-945-2000
Español            1-888-446-3308
TDD                 1-800-955-8060
Pay by phone 1-800-436-7958
Outside U.S. call collect
                        1-302-594-8200

 **Send Inquiries to:**
P.O. Box 15298
Wilmington, DE 19850-5298

**Mail Payments to:**
P.O. Box 15153
Wilmington, DE 19886-5153

 **Visit Our Website:**
www.chase.com/creditcards

**Information About Your Account**
**Crediting of Payments:** For payments by regular U.S. mail, send at least your minimum payment due to our Payments address shown on this statement. Your payments by mail must comply with the instructions on this statement, and must be made by check or money order, payable in U.S. Dollars, and drawn on or payable through a U.S. financial institution or the U.S. branch of a foreign financial institution. Do not send cash. Write your account number on your check or money order. Payments must be accompanied by the payment coupon in the envelope provided with our address visible through the envelope window; the envelope cannot contain more than one payment or coupon; and there can be no staples, paper clips, tape or correspondence included with your payment. If your payment is in accordance with our payment instructions and is made available to us on any day except December 25 by 1:00 p.m. local time at our Payments address on this statement, we will credit the payment to your account as of that day. If your payment is in accordance with our payment instructions, but is made available to us after 1:00 p.m. local time at our Payments address on this statement, we will credit it to your account as of the next day. If you do not follow our payment instructions or if your payment is not sent by regular U.S. mail to our Payments address, crediting of your payment may be delayed for up to 5 days. Payments made electronically through our automated telephone service, Customer Service advisors, or our web site will be subject to any processing times disclosed for those payments.
**Account Information Reported to Credit Bureaus:** We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. If you think we have reported inaccurate information to a credit bureau, you may write to us at the Inquiries address shown on this statement.
**Notice About Electronic Check Conversion:** When you pay by check, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. Call the Customer Service number on this statement if you have questions about electronic check collection or do not want your payments collected electronically.
**Conditional Payments:** Any payment check or other form of payment that you send us for less than the full balance due that is marked "paid in full" or contains a similar notation, or that you otherwise tender in full satisfaction of a disputed amount, must be sent to Card Services, P.O. Box 15049, Wilmington, DE 19850-5049. We reserve all our rights regarding these payments (e.g., if it is determined there is no valid dispute or if any such check is received at any other address, we may accept the check and you will still owe any remaining balance). We may refuse to accept any such payment by returning it to you, not cashing it or destroying it. All other payments that you make should be sent to the regular Payments address shown on this statement.
**Annual Renewal Notice:** If your account has an annual fee, it will be billed each year or in monthly installments, whether or not you use your account, and you agree to pay it when billed. The annual fee is non-refundable unless you notify us that you wish to close your account within 30 days of the date we mail your statement on which the annual fee is charged and at the same time, you pay your outstanding balance in full. Your payment of the annual fee does not affect our rights to close your account and to limit your right to make transactions on your account. If your account is closed by you or us, we will continue to charge the annual fee until you pay your outstanding balance in full and terminate your account relationship.
**Explanation of Finance Charges:** We calculate periodic finance charges, using the applicable periodic rates shown on this statement, separately for each feature (e.g.,balance transfer/convenience checks and cash advance checks ("check transaction"), purchases, balance transfers, cash advances, promotional balances or overdraft advances). These calculations may combine different categories with the same daily periodic rates. If there is a "V" next to a periodic rate on this statement, that rate may vary, and the index and margin used to determine that rate and its corresponding APR are described in your Cardmember Agreement, as amended. There is a minimum finance charge in any billing cycle in which you owe any periodic finance charges, and a transaction finance charge for each balance transfer, cash advance, or check transaction, in the amounts stated in your Cardmember Agreement, as amended.

To get the daily balance for each day of the current billing cycle, we take the beginning balance for each feature, add any new transactions or other debits (including fees, unpaid finance charges and other charges), subtract any payments or credits, and make other adjustments. Transactions are added as of the transaction date, the beginning of the billing cycle in which they are posted to your account, or a later date of our choice (except that check transactions are added as of the date deposited by the payee or a later date of our choice). Fees are added either on the date of a related transaction, the date they are posted to your account, or the last day of the billing cycle. This gives us that day's daily balance. A credit balance is treated as a balance of zero. If a daily periodic rate applies to any feature, we multiply the daily balance by the daily periodic rate to get your periodic finance charges for that day. We then add these periodic finance charges to your daily balance to get the beginning balance for the next day. (If more than one daily periodic rate could apply based on the average daily balance, we will use the daily periodic rate that applies for the average daily balance amount at the end of the billing cycle to calculate the daily periodic finance charge each day.)
To get your total periodic finance charge for a billing cycle when a daily periodic rate(s) applies, we add all of the daily periodic finance charges for all features. To determine an average daily balance, we add your daily balances and divide by the number of the days in the applicable billing cycle(s). If you multiply the average daily balance for each feature by the applicable daily periodic rate, and then multiply each of these results by the number of days in the applicable billing cycle(s), and then add all of the results together, the total will also equal the periodic finance charges for the billing cycle, except for minor variations due to rounding. To get your total periodic finance charge for a billing cycle when a monthly periodic rate(s) applies, multiply the average daily balance for each feature by the applicable monthly periodic rate and add the results together. The total will equal the periodic finance charges for the billing cycle, except for minor variations due to rounding.
**Grace Period (at least 20 days):** We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not charge periodic finance charges on new purchases billed during a billing cycle if we receive both payment of your New Balance on your current statement by the date and time your payment is due and also payment of your New Balance on your previous statement by the date and time your payment was due. There is no grace period for balance transfers, cash advances, check transactions, or overdraft advances.
**BILLING RIGHTS SUMMARY**
**In Case of Errors or Questions About Your Bill:** If you think your bill is wrong, or if you need more information about a transaction on your bill, write Customer Service on a separate sheet at P.O. Box 15299 Wilmington, DE 19850-5299 as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information.
• Your name and account number
• The dollar amount of the suspected error
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.
You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take action to collect the amount you question. If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter or call (using the Inquiries address or Customer Service telephone number shown on this statement) must reach us at least three business days before the automatic payment is scheduled to occur.
**Special Rule for Credit Card Purchases:** If you have a problem with the quality of goods or services that you purchased with a credit card (excluding purchases made with a check), and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

MA111408

## Certificate of Service

I, Brian Bromberg, an attorney, hereby certify that on March 10, 2011,

the foregoing document was served by regular first-class mail upon the

following parties and participants at the following addresses:

Noah Levine, Esq.
Wilmer Hale
399 Park Ave
New York, NY 10022

Dated:      March 10, 2011

_____
Brian L. Bromberg

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906

1