UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
JERRY LITWIN,                               )
individually and on behalf of               )
all others similarly situated,              )
                                            )
                    Plaintiff,              )        No. 10 Civ. 9609 (JSR)
                                            )
        - against -                         )
                                            )
Chase Bank USA, N.A.,                       )
                                            )
                                            )
                    Defendant.              )
-------------------------------------------------x


Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss Amended Complaint


Attorneys for Plaintiff

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York, NY 10025
(212) 678-6546

# TABLE OF CONTENTS

**Page**

Table of Contents.......... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

Table of Authorities.......... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

I. Introduction..............  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

II. Regulatory Background....... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

III. Argument.................. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

    A.  Several of Defendant's Disclosures Did Not Reflect the Legal
        Obligations of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ....4

    B.  Plaintiff's Claims Require Relief that This
        Court May Validly Grant. . . . . . . . . . . . . . . . . . . . . . . .  ...7

    C.  Plaintiff's Allegations Regarding Interspersion of Promotional
        Material State an Additional Violation Which Can Factor Into
        Statutory Damages...............................................9

IV. Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

i

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Andrews v. Chevy Chase, F.S.B.,*
　　240 F.R.D. 612 (E.D.Wis. 2007),
　　*rev'd on other grounds*, 545 F.3d 570 (7th Cir. 2008) ................................. 5

*DeMando v Morris,*
　　206 F.3d 1300 (9th Cir. 2000) ................................................................ 9

*Ford Motor Credit Co. v. Milhollin,*
　　444 U.S. 555 (1980) .............................................................................. 2

*Hubbard v. Fidelity Fed. Bank,*
　　91 F.3d 75 (9th Cir. 1996) .................................................................... 9

*N.C. Freed Co. v. Bd. of Governors of the Fed. Reserve Sys.,*
　　473 F.2d 1210 (2d Cir.1973) ................................................................ 2

*Pechinski v. Astoria Fed. Savs. & Loan Ass'n,*
238 F.Supp.2d 640 ...................................................................... 2

*Roberts v. Fleet,*
　　342 F.3d 260 (3d Cir. 2003) ................................................................ 4

*Rossman v. Fleet Bank (R.I.) Nat'l Ass'n,*
　　280 F.3d 384 (3d Cir. 2002) ................................................................ 8

*Villareal v. Snow,*
　　1996 WL 28308 (N.D.Ill. Jan. 19, 1996) .................................................. 5


**Statutes / Public Laws**

15 U.S.C. § 1601  ......................................................................... 1, 2

15 U.S.C. § 1604  ......................................................................... 2

15 U.S.C. § 1632  ......................................................................... 9

15 U.S.C. § 1637  ..................................................................... 2, 4, 6, 9

15 U.S.C. § 1640  ................................................................  7, 8, 9, 12

15 U.S.C. § 1666b ................................................................  3, 4

15 U.S.C. § 1666c ................................................................  3, 6

P.L. 111-24,
Credit Card Accountability Responsibility and Disclosure Act of 2009....  3, 6, 7

## Rules and Regulations

12 C.F.R, pt. 226, Supp. I  ................................................................7, 10, 11

12 C.F.R. §226.1  ................................................................  2

12 C.F.R. §226.5  ................................................................3, 4, 8

12 C.F.R. §226.6  ................................................................  3

12 C.F.R. §226.7  ................................................................  3, 5 & n.2, 6, 9

12 C.F.R. §226.9  ................................................................  3, 5

Fed. R. Civ. P. 12(b) ................................................................  3 n.1

## Other Authorities

*American Heritage Dictionary of the English Language*, 3rd Ed. (1992) ............  10

*Truth In Lending Manual*, Clontz & Pennebacker (Nov. 2010 ed.)  ....................  8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
JERRY LITWIN,                     )
individually and on behalf of     )
all others similarly situated,    )
                                  )
                    Plaintiff,    )        No. 10 Civ. 9609 (JSR)
                                  )
       - against -                )
                                  )
Chase Bank USA, N.A.,             )
                                  )
                                  )
                    Defendant.    )
------------------------------------------------x
```

**Plaintiff's Memorandum in Opposition to
Defendant's Motion to Dismiss Amended Complaint**

.

## I.  Introduction

Plaintiff Jerry Litwin submits this Memorandum in opposition to the Motion

to Dismiss filed by Defendant Chase Bank USA, N.A. Because it is predicated on

misstatements of the law and mischaracterizations of Plaintiff's allegations,

Defendant's motion should be denied.

## II. Regulatory Background

Congress enacted the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et*

*seq.*, to protect credit consumers, to better inform them, and to help them

understand their credit options.  15 U.S.C. § 1601(a). Congress authorized the

1

Federal Reserve Board (the "Board" or "FRB") to promulgate regulations to help carry out TILA's purposes. 15 U.S.C. § 1604(a). The Board promulgated regulations governing consumer credit, known collectively as Regulation Z, 12 C.F.R. 226.1, *et seq.*

TILA is designed to provide information to consumers who are applying for or already engaged in credit plans. One stated purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a); *see also Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980) (TILA's purpose is to assure "meaningful disclosure of credit terms to consumers."). It is a remedial statute that, in accordance with Congressional intent, should be liberally construed in favor of consumers. *Pechinski v. Astoria Fed. Savs. & Loan Ass'n*, 238 F.Supp.2d 640, 642 (S.D.N.Y.2003)(*citing N.C. Freed Co. v. Bd. of Governors of the Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir.1973)).

TILA governs both open-end credit, which encompasses the type of revolving credit that Defendant made available to Plaintiff, as well as closed-end credit. When an issuer first extends open-end credit to a consumer, TILA requires that issuer to make a set of account-opening disclosures. 15 U.S.C. § 1637(a). When the account is actively used, TILA also requires the issuer to make period billing disclosures. 15 U.S.C. §1637(b). TILA also has provisions governing account disclosures made subsequent to account-opening. 15 U.S.C. §1637(d). The FRB, as

2

authorized by Congress, promulgated the regulations to implement TILA's open-end credit accounts. 12 C.F.R. §§ 226.5, 226.6, 226.7, 226.9.

On May 22, 2009, Congress added and amended a number of TILA provisions when it passed the Credit Card Accountability Responsibility and Disclosure Act of 2009, P.L. 111-24 (the "CARD Act"). Congress specified that the provisions of the CARD Act, including the ones relevant to this dispute, become effective in stages, in part to provide creditors with ample notice and opportunity to modify their operations and forms so as to comply with the amendments.  An amendment to 15 U.S.C. §1666b, requiring creditors to mail or deliver billing statements 21 days ahead of the expiration of any provided grace period, was to become effective on August 20, 2009. *Id.*, Sec. 163. An amendment to 15 U.S.C. §1666c, requiring creditors to credit any mailed payment as of the date of receipt, so long as it was received by 5:00 p.m., was scheduled to become effective on February 22, 2010. *Id.*, Sec. 3, Sec. 104.

## III.   Argument

Defendant's motion to dismiss[1] for failure to state a claim is predicated on two arguments, both of them faulty. First, Defendant attempts to argue that the clearly inaccurate disclosure regarding the grace period appearing in one section of the documents furnished to Plaintiff is cured by an allegedly proper disclosure regarding the grace period on another section of the document. Second, Defendant attempts to argue that it is not subject to statutory damages for the particular

---

[1]      Although Plaintiff filed a First Amended Complaint on March 10, 2011 to allege additional disclosure violations, Defendant declined to file an amended motion under Fed. R. Civ. P. 12(b)(6) to specifically address those allegations.

3

violations of TILA or Regulation Z that Plaintiff alleges it committed here. Both of these points will be addressed below.

### A. Several of Defendant's Disclosures Did Not Reflect the Legal Obligations of the Parties

Defendant does not dispute – nor can it dispute – that the "Grace Period (at least 20 days)" disclosure (the "20-Day Disclosure") it made on the back of the statements incorrectly reflected the legal obligations of the parties. The "grace period" is the period after the close of the billing cycle that a credit customer is given to pay his outstanding balance without accruing interest charges on that balance. 15 U.S.C. §1637(a)(1), 12 C.F.R. §226.6(b)(2)(v). The new timing requirement in TILA, effective August 20, 2009, mandated that the mailing of a billing statement precede, by 21 days or more, the payment due date or expiration of any grace period for that statement's balance. 15 U.S.C. §1666b, 12 C.F.R. §226.5(b)(2)(ii). Under this new timing requirement, a grace period cannot be 20 days as a matter of mathematical necessity. Yet Defendant's 20-Day Disclosure provided that Plaintiff's grace period could vary, and could be as little as 20 days. That minimum 20-day time frame was incontrovertibly incorrect. As such, Defendant made a disclosure that did not reflect its legal obligation to provide a grace period with a longer minimum, and therefore violated TILA. *See, e.g., Roberts v. Fleet*, 342 F.3d 260, 267 (3d Cir. 2003).

Defendant seems to argue that the incorrect disclosure should be of no moment because, on the front page of the statements, Defendant did provide a specific expiration date for the grace period, the 22nd, approximately 25 days after

the billing cycle closed. As such, Defendant claims that it made an "utterly accurate disclosure of the grace period," in compliance with 12 C.F.R. §226.7(j) (2008).[2] Defendant's argument misses the mark for the reasons below.

Even assuming *arguendo* that Defendant's front-page disclosures did comply with §226.7(j) here, providing Plaintiff with approximately 25-day grace periods after the December Statement and the January Statement, its disclosures on the back of the statements (the "backer") still effectively stated that Plaintiff's grace period could be as little as 20 days in the months to come. This 20-Day Disclosure was a "subsequent disclosure" under 12 C.F.R. §226.9 – *i.e.*, a disclosure made subsequent to account-opening – that did not reflect the legal obligation of Defendant to provide a grace period that expires no fewer than 21 days after a statement is mailed or delivered.  Defendant's argument that its supposedly compliant disclosure should somehow cure another noncompliant disclosure must fall on deaf ears. Not only is this argument unsupported by any case law, but it is inconsistent with the stated purposes of TILA to better inform credit consumers. 15 U.S.C. §1601(a); *see also Villareal v. Snow*, 1996 WL 28308 (N.D.Ill. Jan. 19, 1996) (disclosing two different numbers as the finance charge violates the clear and conspicuous standard); *Andrews v. Chevy Chase, F.S.B.*, 240 F.R.D. 612 (E.D.Wis. 2007), *rev'd on other grounds*, 545 F.3d 570 (7th Cir. 2008) (putting both the note

---

[2]       This action relates to a period in which TILA and its implementing regulations were being revised and renumbered. To be consistent with the terminology in Defendant's motion to dismiss, the citation to the section in the prior version of Regulation Z governing the disclosure of the grace period on periodic statements, §226.7(j), is also used here.  (That provision, now subtitled "Grace period" instead of "Free-ride period," is located in §226.7(b)(8) of new Regulation Z.) For simplicity, other citations to TILA or Regulation Z and its Official Staff Commentary, unless otherwise noted, will refer to the new versions.

rate and the APR on the TIL disclosures may violate the clear and conspicuous standard).

And contrary to Defendant's assertions, its front-page disclosures did not even comply with the requirements of §226.7(j). The statements also included language, in a separate section of the backer, disclosing that any mailed payments received after 1:00 p.m. would be credited not on the date of receipt but on the following day (the "Cut-Off Disclosure").  *See* First Am. Compl., Ex. A and B. Regulation Z required creditors' billing statements to reflect the proper "time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges" – also known as the "free-ride" period or the grace period. 12 C.F.R. § 226.7(j) (2008). Accordingly, the January 28 Statement Defendant furnished Litwin disclosed that the grace period with respect to mailed payments would end on February 22 at 1:00 p.m. The TILA, as amended by the CARD Act in May 2009, required all mailed payments creditors received by 5:00 p.m. to be credited the same day, beginning with payments received on February 22, 2010.  15 U.S.C. §1666c. Defendant's front-page disclosure, when taken together with the Cut-Off Disclosure, indicated that the grace period ended on February 22, 2010 at 1:00 p.m. Defendant's Cut-Off Disclosure thus violated both §226.5(c) for making a disclosure that did not reflect the legal obligations of the parties, as well as §226.7(j) and 15 U.S.C. §1637(b)(9) for not properly disclosing the grace period.

Moreover, Plaintiff submits that not only did Defendant's Cut-Off Disclosure in the January Statement violate the express language of TILA as amended by the

CARD Act, but its Cut-Off Disclosure in both the December and January
Statements also violated Regulation Z, even as it stood pre-February 22, 2010. The
requirement on issuers to credit any mailed payments received by 5:00 p.m. on the
same day became effective on February 22, 2010. Pre-CARD Act, neither TILA nor
Regulation Z imposed a specific cut-off time for payments made before February 22,
2010. However, Regulation Z permitted creditors imposing requirements of
customers making payments to make only "reasonable" requirements. 12 C.F.R. 226
Supp. I, Comment 10(b)-2 (2008). Plaintiff submits and intends to prove that a cut-
off time of 1:00 p.m. was not a reasonable requirement for the crediting of payments
in December 2009 or January 2010, because Defendant already had the operational
capability of same-day crediting of mailed payments received as late as 5:00 p.m.
Thus, the Cut-Off Disclosure appearing on the January Statement, as well as the
December Statement, amounted to a disclosure that, for yet another reason, did not
reflect the legal obligations of the parties.

### B.  Plaintiff's Claims Require Relief that This Court May Validly Grant

According to Defendant, this action should be dismissed because Plaintiff has
not alleged any violation for which Defendant would be liable for actual or even
statutory damages. TILA holds issuers of open-end credit not secured by a home,
like Defendant here, liable for statutory damages only for the violation of certain
provisions. See 15 U.S.C. §1640(a) (unnumbered paragraph). Indeed, for initial
disclosure statements and periodic statements furnished in connection with the
extension of such open-end credit, §1640(a) enumerates which specific disclosure

violations trigger statutory damages. Contrary to Defendant's assertions, each of the violations alleged here, with the exception of the violations for interspersing mandatory disclosures with promotional material, subjects Defendant to statutory damages.

As an initial matter, making a disclosure that does not reflect the legal obligations of the parties, a violation of 12 C.F.R. §226.5(c), triggers statutory damages. *See, e.g., Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 390 (3d Cir. 2002); *see also* Clontz. & Pannabecker, *Truth-In-Lending Manual*, ¶ 10.07 at 10-82 (rev. ed. Nov. 2010). As explained above, Defendant's 20-Day Disclosure purported to generally or prospectively set forth the range of the length of the grace period. It was not an account-opening disclosure or a periodic statement disclosure, but rather a subsequent disclosure governed by 12 C.F.R. §226.9 implementing 15 U.S.C. §1637(d), and, because Plaintiff "used the credit card" at issue, Defendant is therefore liable to him for statutory damages. 15 U.S.C. § 1640(a) (unnumbered paragraph).

Further, as explained above, Defendant's Cut-Off Disclosure was a subsequent disclosure that did not reflect Defendant's legal obligation regarding the crediting of payments, which is governed by §1666c in Part D of TILA. A creditor's failure to make a proper disclosure with respect to Part D results in statutory damages to the creditor. 15 U.S.C. § 1640(a) (unnumbered paragraph). Moreover, the Cut-Off Disclosure, as also explained above, amounted to a shorter grace period, by four hours, than Defendant was legally obligated to provide to Plaintiff. 15

U.S.C. §1637(b)(9), 12 C.F.R. §226.7(j)(2008). This §1637(b) disclosure violation also forms a basis for statutory damages under §1640(a).

Although Defendant cites several authorities for the proposition that no statutory damages are available here, Def. Memo at 10, they are inapposite because they dealt with alleged violations of form under §1632(a) or other violations excluded by enumeration in §1640(a).  None of those cases hold that a creditor may disclose to its customer, as Defendant has here, terms of the agreement that not only do not reflect the legal obligations of the parties, but are actually contrary to law, and still evade statutory damages. On the other hand, the Ninth Circuit has insisted that "all disclosures issued in conjunction with open-ended credit arrangements, which include credit cards, shall reflect the terms of the legal obligation of the parties, [and f]ailure to comply with any requirement imposed under TILA's credit provisions, including the original and subsequent disclosure requirements imposed by Regulation Z, gives rise to civil liability." *DeMando v Morris*, 206 F.3d 1300, 1303 (9th Cir. 2000) (quotations and citations omitted). *See also Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (creditor liable under TILA for subsequent disclosures that failed accurately to reflect the legal obligation of the parties).

> ### C. Plaintiff's Allegations Regarding Interspersion of Promotional Material State an Additional Violation Which Can Factor Into Statutory Damages

Defendant also argues that it did not intersperse mandatory disclosures with promotional disclosures in the two periodic billing statements it furnished Plaintiff.

9

Its arguments, however, are based on crabbed definitions of the terms "intersperse" and "promotional."

Initially, Defendant argues that information about Plaintiff's points balance under his card's Flexible Rewards program is not "promotional" material at all, but rather "information concerning a benefit or service accruing to plaintiff under his credit-card account." Although the benefits or services of the Flexible Rewards program, a kind of frequent-user program, accrue to plaintiff out of usage of the credit account, they are inarguably outside the universe of credit terms required to be disclosed in periodic statements under TILA or Regulation Z. Defendant argues that it would have been "remiss" not to advise Plaintiff of his accrued Flexible Rewards points, but even if this were so, the Board's "integrated document" requirement dictates that any such information be disclosed on a page that has no mandatory disclosures. *See* 12 C.F.R. §226 Supp. I, Comment 5(a)(1)-4.

Further, Defendant elides the fact that in addition to informing Plaintiff of his Flexible Rewards points balance, it encouraged him to use his card account in further ways such as online shopping and bill payments, and to add authorized users, asking him, "Why not get rewards for all those purchases too?" First Am. Compl., Ex. A and B. The American Heritage Dictionary, 3rd Ed., defines "promotion" as the "encouragement of the progress, growth, or acceptance of something; furtherance."  Thus, Defendants cannot dispute that its "Flexible Rewards Summary" included promotional material.

Defendant also attempts to find support in the Official Staff Commentary of the Federal Reserve Board for the notion that interspersing its "Flexible Rewards" information with mandatory disclosures still constitutes an "integrated document," presumably because a frequent-user rewards program is part of a creditor's "range of services." Plaintiff disputes that the FRB Staff ever intended that phrase to allow the interspersion of material regarding a non-banking benefit such as the Flexible Rewards Program, particularly in the fashion Defendant employed here. *See* 12 C.F.R. §226 Supp. I, Comment 5(a)(1)-4(ii).

Finally, even if Defendant could prove that its Flexible Rewards Summary was not promotional material, the message for the "TurboTax" product in the January 28 Statement is incontrovertibly promotional. Defendant apparently concedes this point, but argues that it was not violative of Regulation Z because it was positioned at the bottom of the statement and therefore not "interspersed." Defendant asserts, incorrectly, that TILA disclosures were only above the TurboTax information and therefore not "scattered among" it. In fact, there were mandatory TILA disclosures also appearing directly after the TurboTax message, offering details on the finance charge calculation, balance computation method, grace period and billing rights on the backer. *See* First Am. Compl., Ex. B.

Thus, on several counts, Defendant's periodic billing statements were not on an integrated document and therefore violated the requirement to make mandatory disclosures "clearly and conspicuously." 12 C.F.R. §225(a)(1)(i), 12 C.F.R. §226 Supp. I, Comment 5(a)(1)-4. Although such a violation admittedly does not give rise to

statutory damages on its own, Plaintiff submits that it is relevant to establish it as a supplemental violation, because the presence of any additional violations by the creditor is a factor when determining class-wide statutory damages under TILA. *See* 15 U.S.C. §1640(a) (unnumbered paragraph).

## IV. Conclusion

For the foregoing reasons, Plaintiff Jerry Litwin respectfully submits that Defendant's Motion to Dismiss should be denied.

Dated: New York, New York
          March 14, 2011

Respectfully Submitted,


By:    /s/  Harley J. Schnall
          Harley J. Schnall
          One of Plaintiff's Attorneys


Attorneys for Plaintiff

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York, NY 10025
(212) 678-6546

## Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on March 14, 2011, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Brian Lewis Bromberg brian@bromberglawoffice.com, brian.bromberg@gmail.com

Harley Jay Schnall schnall_law@hotmail.com

Noah Adam Levine noah.levine@wilmerhale.com

Dated:      March 14, 2011

/s/ Brian L. Bromberg
Brian L. Bromberg