UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JERRY LITWIN, individually and on behalf of  :
all others similarly situated,  :
    :
    :   No. 10 Civ. 9609 (JSR)
                 Plaintiff,  :
    :
        v.  :
    :
CHASE BANK USA, N.A.,  :
    :
                 Defendant.  :
------------------------------------------------------------------------x

# REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## OF CHASE BANK USA, N.A.

 

WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800 (t)
(212) 230-8888 (f)

*Counsel for Defendant Chase Bank
USA, N.A.*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................1

I.     PLAINTIFF HAS NOT STATED A CLAIM BASED ON
       TILA'S GRACE PERIOD PROVISIONS ...............................................................1

II.    PLAINTIFF HAS NOT STATED A CLAIM FOR ANY LEGALLY
       VALID FORM OF RELIEF .....................................................................................5

III.   PLAINTIFF'S INTERSPERSION ARGUMENT NEITHER SEEKS
       LEGALLY VALID RELIEF NOR STATES A CLAIM UPON WHICH
       RELIEF CAN BE GRANTED ..................................................................................9

CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Andrews v. Chevy Chase Bank, FSB*,
   240 F.R.D. 612, 620-21 (E.D. Wis. 2007),
   *overruled on other grounds*, 545 F.3d 570 (7th Cir. 2008) ........................................7 n.7

*Brown v. Payday Check Advance, Inc.*,
   202 F.3d 987, 991 (7th Cir. 2000) ...............................................................................6, 7

*DeMando v. Morris*,
   206 F.3d 1300, 1303 (9th Cir. 2000) ...........................................................................6, 7

*Hanig v. Yorktown Cent. Sch. Dist.*,
   384 F. Supp. 2d 710, 723-24 (S.D.N.Y. 2005) ............................................................5 n.5

*Hubbard v. Fidelity Fed. Bank*,
   91 F.3d 75 (9th Cir. 1996) ................................................................................................6

*Kelen v. World Fin. Network Nat'l Bank*,
   No. 10 Civ. 48, 2011 WL 445829, at *2-3 (S.D.N.Y. Jan. 11, 2011).......... 6, 7 & n.7, 8-9

*McIntyre v. Household Bank*,
   No. 02 C 1537, 2004 WL 2958690, at *15 (N.D. Ill. Dec. 21, 2004) ........................2 n.2

*Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*,
   280 F.3d 384 (3d Cir. 2002)..............................................................................................6

## STATUTES

15 U.S.C. § 1601.................................................................................................................1

15 U.S.C. § 1632......................................................................................................... 5-6, 8

15 U.S.C. § 1637...............................................................................................2, 6 n.6, 7, 8

15 U.S.C. § 1640................................................................................................5-9 & nn. 6-7

15 U.S.C. § 1666b......................................................................................................... 2 & n.1

15 U.S.C. § 1666c.....................................................................................................4, 8 n.8

## RULES AND REGULATIONS

12 C.F.R. § 226.5........................................................................................................ *passim*

12 C.F.R. § 226.6 ................................................................................................... 2 n.2

12 C.F.R. § 226.7 ............................................................................... 2 & n.2, 4, 6 n.6, 7, 8

12 C.F.R. § 226.9 ...................................................................................................... 7, 8

12 C.F.R. § 226.10 ................................................................................................ 4, 5 n.4

12 C.F.R. pt. 226, Supp. I ........................................................................................ 5, 9

## OTHER AUTHORITIES

James H. Pannabecker & Ralph C. Clontz, Jr., *Truth-in-Lending Manual*,
  ¶ 10.07, at 10-82 (rev. ed. Nov. 2010) ....................................................................... 7 n.7

## INTRODUCTION

Plaintiff's First Amended Complaint has nothing to do with "the informed use of credit." 15 U.S.C. § 1601(a); Pl.'s Mem. Opp. Mot. Dismiss ("Pl. Mem.") 1. Plaintiff never claims that anything about Chase's periodic statements misinformed, confused, or misled him. Instead, plaintiff seeks to transform two TILA *conduct* requirements governing "grace periods" into two hypertechnical *disclosure* requirements that no court ever has found the statute to contain. Plaintiff does not allege that Chase violated the conduct requirements, and the periodic statements attached to plaintiff's complaint defeat any suggestion that Chase failed to satisfy TILA's actual disclosure requirement for grace periods. (*Infra*, Part I.) The amended complaint also fails to state a claim because it seeks no valid form of relief. Plaintiff suffered no injury, so he seeks statutory damages. But TILA authorizes such relief only for the violation of specifically enumerated provisions, and plaintiff's complaint does not allege that Chase violated any of them. (*Infra*, Part II.) Finally, plaintiff himself acknowledges that statutory damages are not available for his "interspersion" claim. The theory lacks merit in any event; there was no interspersion. (*Infra*, Part III.)

## ARGUMENT

**I.   PLAINTIFF HAS NOT STATED A CLAIM BASED ON TILA'S GRACE PERIOD PROVISIONS**

Plaintiff does not allege that Chase violated TILA and Regulation Z's grace period *conduct* requirement—*i.e.*, that credit card issuers not impose finance charges for a cardholder's failure to pay by the expiration of a grace period unless the creditor has "adopt[ed] reasonable procedures designed to ensure that periodic statements are mailed or delivered at least 21 days prior to the payment due date and the date on which any grace period expires." 12 C.F.R.

§ 226.5(b)(2)(ii); *see also* 15 U.S.C. § 1666b(b).[1] Nor has plaintiff stated a claim for a violation of the grace period *disclosure* requirement—*i.e.*, that periodic statements include "[t]he date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges." 12 C.F.R. § 226.7(j); *see also* 15 U.S.C. § 1637(b)(9). Any such claim is foreclosed by the periodic statements attached to the complaint, each of which discloses in boldface print in two separate locations the date by which plaintiff was required to make payment in order to avoid additional finance charges. Plaintiff thus forthrightly acknowledges that Chase "did provide a specific expiration date for the grace period." Pl. Mem. 4.

Unable to demonstrate a violation of either the conduct or disclosure requirements respecting grace periods, plaintiff instead advances a heretofore unheard-of theory that Chase violated 12 C.F.R. § 226.5(c) by failing to repeat its TILA obligations as disclosures in its periodic statements. Whether that theory has merit or not[2]—plaintiff notably cites no authority for it—the theory does not apply here. Chase's disclosures were fully consistent with its legal obligation to adopt reasonable procedures designed to ensure that plaintiff's periodic statement was mailed or delivered to him at least 21 days before his payment due date, or else not impose a finance charge. *See* 12 C.F.R. § 226.5(b)(2)(ii). As plaintiff explicitly acknowledges, Chase provided him with a periodic statement describing a grace period that ended "approximately 25

---

[1] Like the complaint, plaintiff's brief misstates the law. *See* Pl. Mem. 4. As Chase noted in its opening brief, *see* Def.'s Mem. Supp. Mot. Dismiss ("Chase Mem.") 7 n.3, the Board implemented 15 U.S.C. § 1666b(b) by requiring the adoption of "reasonable procedures designed to ensure that periodic statements are mailed or delivered at least 21 days prior to the payment due date and the date on which any grace period expires." 12 C.F.R. § 226.5(b)(2)(ii).

[2] *See McIntyre v. Household Bank*, No. 02 C 1537, 2004 WL 2958690, at *15 (N.D. Ill. Dec. 21, 2004) (rejecting attempt to use § 226.5(c) to impose additional disclosure requirements on periodic statements, initial disclosures, and solicitations beyond those specifically set forth in Regulation Z for such documents, *e.g.*, §§ 226.5a, 226.6, 226.7).

days after the billing cycle closed." Pl. Mem. at 4-5. Plaintiff does not dispute that this disclosure accurately reflected Chase's legal obligation to him, nor could he.

Instead, plaintiff attempts artificially to divide his periodic statement into two allegedly conflicting elements, and complains that the utterly accurate disclosure of his 25-day grace periods ending on January 22, 2010 and February 22, 2010 (respectively) cannot cure the purportedly inconsistent heading of the paragraph on the reverse side of the statement, which states, "Grace Period (at least 20 days)." The periodic statement, however, is a single communication whose two purported elements are not in conflict. The statement discloses a 25-day grace period, as plaintiff admits, which is fully consistent with the description of that period as "at least 20 days." There is no conceivable way (and plaintiff offers none) how one could read the two Chase periodic statements to require payments to be made by January 17, 2010 or February 17, 2010 (respectively) in order to receive the benefit of the grace period, as plaintiff apparently contends.[3]

Plaintiff now belatedly attempts to save his grace period theory with an amended complaint, but that pleading does nothing to correct the deficiencies identified in Chase's motion to dismiss. Instead, plaintiff merely adds a new allegation regarding Chase's obligation (as of February 22, 2010) to credit payments received by a certain time of day on that same day. *See* First Am. Compl. ¶¶ 37-41. Through that allegation, plaintiff once again tries to manufacture a disclosure violation out of a conduct requirement. The last-ditch theory is meritless, for at least

---

[3] Ultimately, even if plaintiff's theory were credited as far as it goes—it should not be—all that it ultimately would allege would be that Chase's grace period disclosure purportedly was not clear or conspicuous. *See* Pl. Mem. 5 (closing this argument with citation to two decisions for proposition that two conflicting disclosures in same document may violate the clear and conspicuous standard). Yet, as plaintiff admits (*see* Pl. Mem. 11-12), statutory damages are not available for violation of TILA and Regulation Z's "clear and conspicuous" requirement, and plaintiff does not (and could not) claim that he suffered any actual damage. *See also* Chase Mem. 9-10; *infra*, Part II.

three reasons.  *First*, as with his original grace period theory, plaintiff does not allege that Chase violated the applicable conduct requirement—*i.e.*, he does not allege that Chase received his payment between 1:00 p.m. and 5:00 p.m. on February 22, 2010, and failed to credit the payment on that day.  *See* 12 C.F.R. § 226.10.

*Second*, as plaintiff appears to recognize (Pl. Mem. 6), the relevant disclosure requirement is still 12 C.F.R. § 226.7(j), and that requirement is satisfied by disclosure of the *date* on which payment is due—a point that plaintiff omits in quoting Regulation Z.  *Compare* 12 C.F.R. § 226.7(j) (requiring disclosure of "[t]he date by which *or* the time period within which" payment must be made (emphasis added)), *with* Pl. Mem. 6 (describing Regulation Z as requiring disclosure of "the proper 'time period within which'" payment must be made).  Plaintiff concedes—as he must—that Chase disclosed "the specific expiration date for the grace period" (Pl. Mem. 4), *i.e.*, "the date by which" he was required to make payment in order to avoid finance charges.  12 C.F.R. § 226.7(j).  That is what the applicable *disclosure* provision of Regulation Z requires.

*Third*, even if there were some authority for § 226.5(c) transforming every TILA and Regulation Z conduct requirement into a disclosure requirement, plaintiff's theory would still be irrelevant here.  As plaintiff neglects to explain, the *statute* on which he relies, *see* Am. Compl. ¶ 39 (citing 15 U.S.C. § 1666c), instructs creditors to abide by the Federal Reserve Board's regulations concerning crediting of payments.  As plaintiff is aware (*see* Pl. Mem. 7), the conduct rule on which he relies was not in effect at the time Chase made the disclosures that he challenges.  Rather, the amended 12 C.F.R. § 226.10 became effective on February 22, 2010— after the complained-of disclosures were made.  Plaintiff's conduct-as-disclosure theory thus rests on the faulty premise that Chase had a duty in January 2010 to disclose its *future* legal

obligations after a future *change* in the law.  Merely to state the premise is to reveal its flaw.  The Board commentary to 12 C.F.R. § 226.5(c) confirms that flaw, explaining that "disclosures should reflect the credit terms to which the parties are legally bound *at the time of giving the disclosures*."  12 C.F.R. pt. 226, Supp. I, ¶ 5(c) (emphasis added).[4]

## II. PLAINTIFF HAS NOT STATED A CLAIM FOR ANY LEGALLY VALID FORM OF RELIEF

Title 15 U.S.C. § 1640(a) authorizes statutory damages only for violations of specific enumerated statutory provisions.  Plaintiff concedes this point, as he must.  *See* Pl. Mem. 7.  Yet the statutory and regulatory provisions that plaintiff's complaint alleges Chase violated are not enumerated in § 1640(a).  This provides another reason for dismissal of the complaint.[5]

Plaintiff now acknowledges that he cannot seek statutory damages for violations of the "clear and conspicuous" requirement of 12 C.F.R. § 226.5(a)(1)—the legal basis for his "interspersion" claim.  *See* Pl. Mem. 7-8, 11-12.  The reason is because neither § 226.5(a)(1) nor 15 U.S.C. § 1632(a), its statutory source, is among the provisions enumerated in § 1640(a).  Plaintiff's counsel received a direct reminder of § 1640(a)'s inapplicability to violations of

---

[4] Plaintiff apparently recognized this effective-date problem sometime between the filing of his First Amended Complaint and the filing of his opposition brief, so in the latter document he tries yet another theory.  In contrast to the First Amended Complaint, he says in his brief that he also relies on the version of 12 C.F.R. § 226.10 that was effective *prior to* February 22, 2010.  Plaintiff's latest new theory is difficult to follow, but he apparently asserts that Chase violated TILA simply by describing its previous 1:00 p.m. time limit for crediting payments because § 226.10 previously allowed only "reasonable" requirements for payment crediting and Chase's 1:00 p.m. time limit allegedly was not "reasonable" because Chase purportedly had the "operational capability" to credit payments received later in the day.  Pl. Mem. at 7.  In other words, notwithstanding that Chase had a 1:00 p.m. time limit, plaintiff argues that Chase's *disclosure* of that time limit, rather than a different time limit, violated TILA.  Again, merely to describe the theory reveals its flaw.  Moreover, the facts on which the theory is based (*e.g.*, regarding Chase's "operational capability") are not alleged anywhere in the original or amended complaint.

[5] Plaintiff does not seek actual damages, and his brief does not seek to defend his claims for injunctive and declaratory relief.  The Court should deem those requests abandoned, *see Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723-34 (S.D.N.Y. 2005) (collecting cases), or deny them for the reasons described in Chase's main brief, *see* Chase Mem. 10-11.

§ 1632(a) and § 226.5(a) shortly before serving the original complaint in this case, through this Court's decision in counsel's prior TILA case, *Kelen v. World Financial Network National Bank*, No. 10 Civ. 48, 2011 WL 445829 (S.D.N.Y. Jan. 11, 2011). Granting the defendant's Rule 12(b)(6) motion to dismiss, Judge Hellerstein explained:

> Subsection 1632(a) and 12 C.F.R. § 226.5(a)(2), establishing the "more conspicuous" requirement, are conspicuously absent from § 1640(a)'s list of violations that support an award of statutory damages under the circumstances presented here. "Section 1640(a) says that statutory damages are available 'only' for violations of enumerated subsections and rules," and "[§] 1632(a) is not on that list," nor is 12 C.F.R. § 226.5(a)(2).

*Id.* at *2 (quoting *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991-92 (7th Cir. 2000)) (alteration in original).

The same principle applies with equal force to plaintiff's claim for statutory damages here, which is based on an alleged violation of 12 C.F.R. § 226.5(c). Like subsection (a) of § 226.5, which this Court ruled on in *Kelen*, subsection (c) of § 226.5 also is conspicuously absent from the provisions enumerated by Congress in 15 U.S.C. § 1640(a). And § 226.5(c) is not the Board's implementation of any of the provisions that are enumerated in § 1640(a).[6] Plaintiff does not in fact claim otherwise. Instead, he relies on citations to three cases from outside this circuit. Two do not even mention statutory damages. *See Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384 (3d Cir. 2002); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75 (9th Cir. 1996). The third—the Ninth Circuit's decision over a decade ago in *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000)—makes a sweeping statement that "a lender liable for a TILA violation is subject to statutory damages," *id.* at 1303, but the decision does not support that

---

[6] As relevant here, the Board did implement the requirements of 15 U.S.C. § 1637(b), several subsections of which are among of the enumerated provisions in § 1640(a). The Board did so in 12 C.F.R. § 226.7, but, as explained above, plaintiff has not stated a claim for a violation of either § 1637(b) or § 226.7.

- 6 -

generalized observation with any detailed analysis of the particular § 1640(a) enumeration issue discussed here and in this Court's *Kelen* decision.  For that reason, the general statement in *DeMando* overstates the reach of § 1640(a).  To Chase's knowledge, the court's statement has not been adopted as a holding on the § 1640(a) enumeration issue—much less adopted in any other manner—in a reported decision of any court in any jurisdiction in the eleven years since *DeMando* was decided.  The text of § 1640(a) is clear—it authorizes statutory damages only for violations of enumerated provisions.  Section 226.5(c) is "not on that list."  *Brown*, 202 F.3d at 992.[7]

Plaintiff now attempts to escape this problem by embracing § 1640(a)'s enumeration of specific provisions and trying to bring his case within one of them.  He does so, however, by misleadingly suggesting that he has alleged violations of 15 U.S.C. § 1637(d) and 12 C.F.R. § 226.9.  *See* Pl. Mem. 8.  He has not.  While § 1637(d) is indeed one of the provisions enumerated in § 1640(a), it plainly has no relevance here.  Section 1637(d) concerns "Disclosure prior to renewal" of a credit agreement.  No renewal notice is at issue in this case.  Section § 226.9 has no more relevance.  That regulation contains requirements for annual billing statements, renewals, and change-in-terms notices.  But, again, the disclosures at issue in this lawsuit are none of those things.  As the complaint acknowledges and affirmatively pleads, this

---

[7]  Still less helpful to plaintiff is a treatise (*see* Pl. Mem. 8) whose statements on the availability of statutory damages fly in the face of the decisions cited in Chase's opening brief (at p.10), including decisions of this Court.  *Compare* James H. Pannabecker & Ralph C. Clontz, Jr., *Truth-in-Lending Manual*, ¶ 10.07, at 10-82 (rev. ed. Nov. 2010) ("Open-end creditors remain subject to civil penalties for failure to comply with *any* requirement imposed under 12 CFR 226.5 . . . .") (emphasis added), *with, e.g., Kelen*, 2011 WL 445829, at *2 (holding statutory damages unavailable for violations of § 226.5(a)).  Other authorities cited by plaintiff undercut his position on statutory damages rather than bolster it.  *See, e.g.*, *Andrews v. Chevy Chase Bank, FSB*, 240 F.R.D. 612, 620-21 (E.D. Wis. 2007), *overruled on other grounds*, 545 F.3d 570 (7th Cir. 2008) (holding statutory damages unavailable for violations of TILA provisions not enumerated in § 1640(a)).

case concerns Chase periodic statements. Such disclosures, of course, are governed by 15 U.S.C. § 1637(b) and 12 C.F.R. § 226.7. And plaintiff has failed to state a claim for violations of those provisions, for the reasons explained above. The apparent desperation of plaintiff's § 1637(d) gambit in his brief—and the fact that his First Amended Complaint does not itself ever plead a violation of § 1637(d) or § 226.9—betrays his apparent recognition that the violations that he actually does plead cannot support the relief he seeks.[8]

Finally, plaintiff cannot simply ignore the authorities cited in Chase's opening brief, and by Judge Hellerstein in *Kelen*, on the ground that they concern "alleged violations of form under § 1632(a) *or other violations excluded by enumeration in § 1640(a)*." Pl.'s Mem. at 9 (emphasis added). Where a plaintiff seeks statutory damages under § 1640(a), "enumeration" is precisely the point. In its absence, no statutory damages are available. Previously in *Kelen*, as here, plaintiff's counsel sought statutory damages by manufacturing a connection between the "violation" of a Regulation Z provision not enumerated in § 1640(a), on one hand, and a statutory provision that is enumerated in § 1640(a), on the other. Judge Hellerstein rejected this approach:

> Kelen also argues that the "violation of a regulation implementing TILA can trigger statutory damages under § 1640(a)(2) *even when the regulation imposes a requirement not imposed by the statute it implements*, and even if the requirement speaks to 'form.'" However, this argument ignores the plain language of § 1640(a), which explicitly limits the avenues for recovery of statutory damages under TILA.

---

[8] Equally meritless is plaintiff's assertion that he can recover statutory damages because he alleges a violation of Part D of TILA. *See* Pl. Mem. 8-9. He does not allege any such violation. Plaintiff confuses TILA's *conduct* requirement regarding payment crediting and the *disclosure* requirement that he claims Chase violated. Part D contains the conduct requirement, but the First Amended Complaint does not allege that Chase failed to credit payments as required by § 1666c as of February 22, 2010.

2011 WL 445829, at *3 (emphasis added, citation omitted). Plaintiff employs the same approach here; this Court should reject it for exactly the same reason.

### III. PLAINTIFF'S INTERSPERSION ARGUMENT NEITHER SEEKS LEGALLY VALID RELIEF NOR STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's claim that Chase violated TILA by "interspersing" required disclosures with promotional material requires little discussion because plaintiff properly concedes that he cannot obtain statutory damages based on a violation of TILA and Regulation Z's "clear and conspicuous" requirement. *See* Pl. Mem. 11-12. The claim should be dismissed on this ground alone. There is no authority for plaintiff's assertion that TILA somehow should be read to open a back door for recovery of statutory damages based on violations of provisions not enumerated in § 1640(a), apparently as "supplemental violation[s]." *Id.* at 12.

In any event, plaintiff's underlying liability argument is meritless. The complained-of disclosures regarding the Flexible Rewards program are not promotional; they concern the "range of services" Chase provides, and as such are properly included in an integrated document. 12 C.F.R. pt. 226, Supp. I, ¶ 5(a)(1). Further, even assuming that the Turbo Tax material was promotional, no TILA-required disclosures were "interspersed *on the same page*" as that material. *Id.* (emphasis added). Plaintiff's only response is that Chase's TILA disclosures were "interspersed" around the Turbo Tax material, apparently based on the assertion that the disclosures were on the front and back of the periodic statement. *See* Pl. Mem. 11. But that argument ignores the actual language of the "integrated document" section of the Official Staff Commentary to Regulation Z. Chase's TILA disclosures were not "interspersed *on the same page* with promotional material." 12 C.F.R. pt. 226, Supp. I, ¶ 5(a)(1) (emphasis added). In short, plaintiff's "interspersion" theory not only provides no basis for valid relief, but it also fails to state a claim on its underlying merits.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

Dated: March 25, 2011.

*/s/ Noah A. Levine*
Noah A. Levine
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800 (t)
(212) 230-8888 (f)
*Counsel for Defendant Chase Bank USA, N.A.*